UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DURAND CHAUNCE FORD,

       Petitioner,                                  Criminal Case No. 98-80812-4
                                                        Civil Case No. 04-74880

vs.

                                                        HONORABLE PAUL D. BORMAN
                                                        HONORABLE STEVEN D. PEPE

UNITED STATES OF AMERICA,

       Respondent.

_____/

REPORT AND RECOMMENDATION

       On December 15, 2004, Petitioner, acting *pro se*, filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (dkt # 503). This motion has been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, IT IS RECOMMENDED that Petitioner's motion be DENIED.

I.       FACTS AND PROCEDURAL BACKGROUND

       On January 6, 1999, Petitioner was indicted on one count of conspiracy to distribute and to posses with intent to distribute cocaine and cocaine base. A jury found Petitioner guilty. On May 15, 2000, Petitioner was sentenced to 292 months imprisonment. The conviction and sentence was affirmed on December 3, 2003, in *United States v. Stines*, 313 F.3d 912 (6th Cir. 2002). Petitioner's co-defendant filed a petition for certiorari, which the Supreme Court denied on October 20, 2003.

       In his current motion, Petitioner argues illegal enhancements under *Blakely v. Washington,* 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). He

also argues that he received ineffective assistance of counsel because the jury was not required to determine whether the drugs attributed to Petitioner were cocaine or cocaine base, the specific quantities of drugs attributed to Petitioner, and because his counsel did not submit arguments on the difference between 21 USC § 841 (a) and (b) regarding increased penalties for additional drugs, because no drug amounts were listed in the indictment, or proven at trial.  He alleges that the conviction was obtained because of the prosecution's failure to disclose favorable evidence to the Petitioner, though the allegations are vague at best and he provides no support for them. Finally, the district court erred by not conducting an independent investigation into the government's misconduct.

II.     ANALYSIS

   A.     Standard for Relief from Conviction and/or Sentence Under § 2255

In relevant part, 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

A prisoner may seek relief from a conviction and/or sentence under 28 U.S.C. § 2255 if the prisoner can demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice.  *See Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995); *United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993).

B.      Factual Analysis

1.      *Finality of case*

28 U.S.C. § 2255 provides for a one year time limit for the filing of all petitions. This one year period runs from the later of any four applicable dates: (1) the date the judgment of conviction becomes final; (2) an unconstitutional impediment to filing is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) facts could have been discovered through reasonable diligence. *See* § 2255 para. 6(1)-(4). The conviction of a federal criminal defendant who petitions for writ of certiorari to the United States Supreme Court becomes final when the Court denies the petition for a writ of certiorari. *See, e.g., Caspari v. Bohlen*, 510 U.S. 383, 390 (1994); *Griffith v. Kentucky*, 479 U.S. 314, 321(1987); *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983); *United States v. Johnson*, 457 U.S. 537, 542 (1982).

It does not appear that Petitioner was included in co-defendant Joseph Stines' cert petition, although Petitioner claims that he was. If he is not included in the petition, his conviction became final March 3, 2003, 90 days after the Sixth Circuit affirmed his conviction and sentence. If he was included on the petition, then his conviction became final on October 20, 2003, when the Supreme Court denied the petition.

Even giving Petitioner the benefit of the doubt, he was required to file his § 2255 motion by October 20, 2004, unless he can demonstrate a newly recognized right that is to be applied retroactively on collateral review. *Clay v. United States*, 537 U.S. 522, 527-528 (2003).

3

He has not shown that his delay in filing was due to a unconstitutional impediment or that the facts he alleges were not available to him earlier. On the contrary, it appears that the information included in his ineffective assistance argument was available to him prior to October 2004.[1] Petitioner did not file his petition until December 15, 2004. Thus all of his claims other than his *Blakely/Booker* claim are barred by the one-year limitation.

2. *Retroactivity of Blakely and Booker to final judgments*

Petitioner argues that he received a sentencing enhancement which, in light of *Blakely* and *Booker*, unconstitutionally raised his sentence. *Booker* applied *Blakely* reasoning to the Federal Sentencing Guidelines, holding that "any fact [other than a prior conviction] which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker* at 756. Because the Sixth Circuit has ruled that *Booker* is not retroactive to cases on post-conviction review, Petitioner's claims are unsupported. *Humpress v. United States*, 398 F.3d 855, 860-863 (6th Cir. 2005); *Thelen v. United States*, 2005 U.S. App. LEXIS 5050 (6th Cir. Mich. Mar. 28, 2005); *Varnes v. United States*, 2005 U.S. Dist. LEXIS 4322 (N.D. Ohio Mar. 21, 2005).

III.   RECOMMENDATION

Accordingly, IT IS RECOMMENDED that Petitioner's motion to vacate, set aside, or correct his sentence be DENIED. Any objections to this Report and Recommendation must be filed within ten (10) days of its service. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2). Failure to

---

[1] Even if Petitioner's petition had been timely, the Government's brief explains why his claims fail.

file objections within the specified time constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

      Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: April 29, 2005　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, MI　　　　　　　　　　　　　　　　United States Magistrate Judge


Certificate of Service

      I hereby certify that on April 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Keith Corbett, Patricia Gaedeke, and I further certify that I mailed a copy to the following non-ECF participant: Durand Ford.

　　　　　　　　　　　　　　　　　　　　　　s/William J. Barkholz
　　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy Clerk