CLOSED

FILED

JUN 10 2005

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DURAND CHAUNCE FORD,

          Petitioner,

v.

UNITED STATES OF AMERICA,

          Respondent.
_____/

Criminal Case Number: 98-80812-4
Civil Case Number: 04-CV-74880

JUDGE PAUL D. BORMAN
MAG. JUDGE STEVEN D. PEPE
UNITED STATES DISTRICT COURT



## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PETITIONER'S MOTION TO VACATE, CORRECT, OR SET ASIDE HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255 BUT PARTIALLY MODIFYING ITS FINDINGS

Before the Court is Magistrate Judge Steven D. Pepe's Report and Recommendation in favor of denying Petitioner's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. Having reviewed that Report and Recommendation and Petitioner's objections thereto, the Court enters as its findings and conclusions the Report and Recommendation in favor of denying Petitioner's motion under § 2255, with one minor modification.

Rectifying a typographical error as to the relevant date, the Court modifies the Report and Recommendation's fourth sentence of the second paragraph of page one to state: "The conviction and sentence was affirmed on December 3, 2002, in *United States v. Stines,* 313 F.3d 912 (6th Cir. 2002)."

Petitioner, for the first time in his objections to the Report and Recommendation,



contends, in essence, that he is entitled to the equitable tolling of the one-year limitations' period for filing a motion under 28 U.S.C. § 2255. Petitioner did not raise this issue either in his § 2255 motion or in his reply brief. Of special note, Respondent, in its Response to Motion to Vacate Sentence, expressly argued that Petitioner's § 2255 motion was barred by the one-year limitations' period. (Resp. at 3.)

Magistrate Judge Pepe, therefore, was never afforded the opportunity to consider the equitable-tolling issue in the first instance. Upon finding that a § 2255 petitioner waived an issue by failing to raise it before the magistrate judge, the United States Court of Appeals for the Sixth Circuit observed:

> Courts have held that[,] while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *See United States v. Waters,* 158 F.3d 933, 936 (6th Cir. 1998)(citing *Marshall v. Chater,* 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived") . . . .

*Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000). In this case, no compelling circumstances exist to excuse Petitioner's failure to raise his equitable-tolling argument before Magistrate Judge Pepe. The Court, therefore, concludes that Petitioner has waived his claim that he is entitled to equitable tolling of § 2255's one-year limitations' period.

SO ORDERED

/s/ Paul Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: JUN 1 0 2005
Detroit, Michigan

2